1   Ann Haley Fromholz (SBN 173770)
    ann.fromholz@jacksonlewis.com
2   Danny Yadidsion (SBN 260282)
    danny.yadidsion@jacksonlewis.com
3   JACKSON LEWIS LLP
    725 South Figueroa Street, Suite 2500
4   Los Angeles, California  90017-5408
    (213) 689-0404 - Office
5   (213) 689-0430 – Fax

6   Attorneys for Defendant
    REDFIN CORPORATION



7

8            UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA



10

11  NOLAN SAME,                          CASE NO.

12            Plaintiff,                 NOTICE OF REMOVAL OF ACTION
                                         TO THE UNITED STATES DISTRICT
13       vs.                             COURT FOR THE CENTRAL
                                         DISTRICT OF CALIFORNIA
14  REDFIN CORPORATION, and DOES 1       PURSUANT TO 28 U.S.C.
    through 25,                          SECTIONS 1332, 1441(a) AND (b)
15
                                         (DIVERSITY JURISDICTION)
16            Defendants.
                                         (Filed concurrently with Declaration of
17                                       Erin Paul, Certification and Notice of
18                                       Interested Parties, and Civil Case Cover
19                                       Sheet)
20
                                         Complaint Filed:  March 12, 2013
21

22       TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT

23  COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, CENTRAL

24  DIVISION, PLAINTIFF NOLAN SAME AND TO HIS COUNSEL OF RECORD:

25       PLEASE TAKE NOTICE that Defendant Redfin Corporation ("Defendant")

26  hereby removes to this Court the state court Complaint described below and invokes this

27  Court's jurisdiction under the provisions of 28 U.S.C. sections 1332 and 1441(a) as

28  follows:

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL
DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441(a) AND (b)

1.      On March 12, 2013, Plaintiff Nolan Same ("Plaintiff") filed a Complaint for Damages in the Superior Court of the State of California, County of Los Angeles, entitled *Nolan Same v. Redfin Corporation, and Does 1 through 25,* Case No. BC502704 ("Complaint").  A true and complete copy of Plaintiff's Complaint is attached as Exhibit "A".

2.      On May 2, 2013, Defendant was served with the Complaint, summons, and related case documents.   True and complete copies of the summons and related case documents served upon Defendant's agent for service of process on May 2, 2013 are attached as Exhibit "B."

3.      The summons, Complaint and related case documents are the only pleadings served upon Defendant to date in this action.  The Complaint asserts five causes of action relating to Plaintiff's employment with Defendant.

4.      On June 3, 2013, Defendant filed and served its Answer to the Complaint in the Los Angeles County Superior Court.  A true and complete copy of the Answer Filed on Behalf of Defendant to Plaintiff's Unverified Complaint for Damages is attached as Exhibit "C."  Exhibits A-C hereto constitute all the pleadings that have been filed in this action as of the date of the filing of this Notice of Removal.

5.      This Notice of Removal has been filed within thirty (30) days after Defendant was deemed served with a copy of the Complaint upon which this action is based.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* (1999) 526 U.S. 344, 353 (service of process is the official trigger for responsive action by a named defendant).  This Notice of Removal therefore is filed within the time period provided by 28 U.S.C. section 1446(b).

6.      In accordance with 28 U.S.C. section 1446(d), the undersigned counsel certifies a copy of this Notice of Removal and all supporting pleadings promptly will be served on Plaintiff's counsel and filed with the Clerk of the Los Angeles County Superior Court.   Therefore, all procedural requirements under 28 U.S.C. section 1446 will be satisfied.

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441(a) AND (b)

7.      Venue of this action lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 1441, *et seq.* and 1391(a) because this is the judicial district of this court in which Plaintiff alleges the action arose and where, based on information and belief, Plaintiff resides.  (*See* Complaint at ¶ 1.)

## DIVERSITY JURISDICTION

8.      Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed.  *See Grupo Dataflux v. Atlas Global Group* 541 (2004) U.S. 567, 571.

9.      To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state.  *Kantor v. Wellesley Galleries, Ltd.* (9th Cir. 1983) 704 F.2d 1088, 1090.  Persons are domiciled in the places where they reside with the intent to remain or to which they intend to return.  *Kanter v. Warner-Lambert Co.* (9th Cir. 2001) 265 F.3d 853, 857.  Defendant is informed and believes Plaintiff was, at the time of filing the Complaint, and still is a resident and citizen of the state of California consistent with Plaintiff's allegations in the Complaint. (*See* Complaint at ¶ 1, Exhibit A.)  Furthermore, based on his personnel file and the allegation that he is a resident of California at the time of filing the Complaint, Plaintiff has lived in Southern California for approximately three years, and has also worked in Southern California for Defendant for approximately two years.  (*See* Complaint at ¶ 1; Declaration of Erin Paul in Support of Removal of Civil Action ("Paul Decl.") at ¶ 3.)

10.      A corporation is a citizen in a state where it is incorporated and it has its principal place of business. 28 U.S.C. section 1332(c). With respect to ascertaining a corporation's principal place of business for purposes of diversity jurisdiction, the United States Supreme Court has adopted the "nerve center test."  *The Hertz Corporation v. Friend* (2010) 559 U.S. 77.  Under the nerve center test, a corporation's principal place of business is where a corporation's high level officers direct, control, and coordinate the corporation's activities.

/ / /

3

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441(a) AND (b)

11.     Defendant, both at the time this action was commenced and the time it was removed to federal court, is either a citizen of the State of Washington or the State of Delaware within the meaning of 28 U.S.C. section 1332(c)(1) because it was at all times a corporation formed under the laws of the state of Delaware with its principal place of business and corporate headquarters located in Washington. (*See* Paul Decl. at ¶¶ 4, 5.) The State of Washington is where all of Defendant's primary executive, administrative, financial, and management functions are conducted and where the high level officers direct, control, and coordinate the corporation's activities.  (*Id.* at ¶ 5); *The Hertz Corporation, supra*, 559 U.S. 77.

12.     The presence of Doe defendants has no bearing on the diversity with respect to removal.  See 28 U.S.C. section 1441(a) ("For purposes of removal under this Chapter, the citizenship of a defendant sued under a fictitious name shall be disregarded.").

13.     Therefore, this action is therefore brought between citizens of different states under the definition of 28 U.S.C. §1332.

## **AMOUNT IN CONTROVERSY**

14.     This action also meets the amount in controversy requirement. 28 U.S.C. § 1332(a) authorizes the removal of cases in which, among other factors above, the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  Without admitting that Plaintiff could recover any damages, Defendant asserts that the amount in controversy in this action could exceed $75,000.00, exclusive of interest and costs.

15.     In determining whether the amount in controversy exceeds $75,000.00, the court must presume Plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (C.D. Cal. 2002) 199 F.Supp.2d 993, 1001 *citing Burns v. Windsor Ins. Co.* (11th Cir. 1994) 31 F.3d 1092, 1096 (the amount in controversy analysis presumes "plaintiff prevails on liability") and *Angus v. Shiley Inc.* (3d Cir. 1993) 989 F.2d 142, 146 ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights

being litigated"). Moreover, the argument and facts set forth herein appropriately may be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.* (9th Cir. 2002) 281 F.3d 837, 843, n.1 *citing Willingham v. Morgan* (1969) 395 U.S. 402, 407 n.3.

16.   The amount in controversy may include general and special compensatory damages and attorneys' fees that are recoverable by statute. *Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1155-56 and *Goldberg v. CPC Int'l, Inc.* (9th Cir. 1982) 678 F.2d 1365, 1367, *cert. denied*, (1982) 459 U.S. 945 (attorney's fees may be taken into account to determine jurisdictional amount).   The Court may examine the nature of the action and the relief sought and may take judicial notice of attorneys' fee awards in similar cases. *See e.g., Simmons v. PCR Technology* (N.D. Cal. 2002) 209 F.Supp.2d 1029, 1035 (attorneys' fees in individual employment discrimination cases often exceed damages).   Indeed, cases in the Ninth Circuit firmly establish that statutory attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy. *See Galt G/S, supra*, 142 F.3d at 1155-56.   Furthermore, such fees are calculable beyond the time of removal. *Simmons, supra*, 209 F.Supp.2d at 1035.

17.   Punitive damages also are included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n* (9th Cir. 1963) 325 F.2d 785, 787. *See also, Aucina v. Amoco Oil Co.* (S.D. Iowa 1994) 871 F.Supp. 332, 334.   In *Aucina*, the defendant-employer established the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish and punitive damages.   The court noted the defendant was a Fortune 500 company and that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct" the plaintiff's claim for punitive damages 'might alone' exceed the jurisdictional minimum. *See also, White v. FCI USA, Inc.* (5th Cir. 2003) 319 F.3d 672, 674-76 (it was facially apparent plaintiff's wrongful termination claim exceeded $75,000 based on her "lengthy list of compensatory and punitive damages" including loss of pay, fringe benefits, impaired earning capacity and

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441(a) AND (b)

1    emotional distress combined with a claim for attorney fees.).

2         18.    Without conceding that Plaintiff is entitled to damages or could recover

3    damages in any amount whatsoever, the amount in controversy in this action exceeds

4    $75,000.00.  28 U.S.C. § 1332(a).  Where a plaintiff's state court complaint is silent as to

5    the amount of damages claimed, the removing defendant need only establish that it is

6    more probable than not that the plaintiff's claims exceed the jurisdictional minimum.

7    *Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996) 95 F.3d 856, 860-61.  The amount in

8    controversy exceeds the sum of $75,000.00, exclusive of interest and costs, for the

9    following reasons:

10           a.    The Los Angeles County Superior Court Civil Case Cover Sheet

11              specifies that the amount demanded by Plaintiff exceeds $25,000.00.

12              (*See* Civil Court Cover Sheet, Exhibit B.)

13           b.    Plaintiff seeks statutory and economic damages, including lost wages

14              and other employment benefits and other compensatory damages.

15              (Exhibit A, Complaint, e.g. at ¶¶ 21, 31, 38, 45, 58.)  The Complaint

16              alleges Plaintiff was employed by Defendant as a tour coordinator

17              earning $39,000 per year plus $10,000 in bonuses per year.  (*Id.* at ¶

18              ¶ 13.)  Assuming *arguendo* Plaintiff succeeds on his claims, by the

19              time the case is tried, the back pay award for lost wages plus

20              commissions alone likely will exceed $75,000, exclusive of interest

21              and costs.

22           c.    Plaintiff further seeks damages because he has "suffered and

23              continues to suffer embarrassment, humiliation, mental anguish," and

24              emotional anguish.   (*Id., e.g.* at ¶¶ 21, 30.)

25           d.    Plaintiff alleges that the conduct alleged in the Complaint was carried

26              out by Defendant for the purpose of causing Plaintiff to suffer

27              financial loss and severe emotional and physical distress and

28              [Defendant is] guilty oppression and malice, justifying an award of

6

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL
DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441(a) AND (b)

exemplary and punitive damages." (*Id.*, *e.g.* at ¶¶ 54.)   Thus, Plaintiff's allegation would justify the recovery of punitive damages.

    e.    Finally, Plaintiff seeks "attorney's fees" pursuant to Government Code section 12965(b). (*Id.* at ¶¶ 33, Prayer).

19.   Accordingly, Plaintiff's allegations satisfy the jurisdictional prerequisite for the amount in controversy.   It cannot be said to a legal certainty that Plaintiff would not be entitled to recover the jurisdictional amount.   *Anthony v. Security Pacific Financial Services, Inc.* (7th Cir. 1996) 75 F.3d 311, 315; *Watson v. Blankenship* (10th Cir. 1994) 20 F.3d 383, 386-87.

20.   Therefore, the alleged claims, damages and fees requested in Plaintiff's Complaint demonstrate the amount in controversy in this case exceeds the requirements under 28 U.S.C. section 1332(a).   In the event the Court should be inclined to remand this action, Defendant requests that the Court issue an order to show cause why the case should not be remanded, giving Defendant (as well as Plaintiff) an opportunity to present proper briefing and argument prior to any possible remand.   Because a remand order is not subject to appellate review, such a procedure is appropriate.

By reason of the foregoing, Defendant respectfully requests that this action be removed to this Court for all purposes, including trial.

Respectfully submitted,

Date:     June 3, 2013         JACKSON LEWIS LLP

By: _____
            Ann Haley Fromholz
            Danny Yadidsion

            Attorneys for Defendant
            REDFIN CORPORATION

4851-1857-2051, v. 2

# EXHIBIT "A"

1  EDWARD A. TORRES, Cal. Bar No. 112191
   LAW OFFICE OF EDWARD A. TORRES
2  80 South Lake Avenue Suite 725
   Pasadena, California 91101
3  Telephone No.: 626-795-3736
   Facsimile No.: 626-568-8102
4
5  Attorney for Plaintiff
   NOLAN SAME
6

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 12 2013

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
        SHAUNYA WESLEY

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF LOS ANGELES

10

11  NOLAN SAME,                  )    CASE NO.    BC502704
                                 )
12            Plaintiff,         )    COMPLAINT FOR DAMAGES
                                 )
13  vs.                          )
                                 )
14  REDFIN CORPORATION, and DOES 1)
    through 25,                  )
15                               )
              Defendants.        )
16                               )
                                 )
17  _____  )

18

19      Plaintiff, NOLAN SAME (Hereinafter referred to as "Plaintiff" or "SAME"), for his Complaint

20  against Defendants, REDFIN CORPORATION (Hereinafter "REDFIN" or "Defendant"), and Does 1

21  through 25 alleges as follows:

22      Plaintiff brings this action against Defendants and DOES 1 through 25, pursuant to the Fair

23  Employment and Housing Act and common law for statutory damages, prejudgment interest, costs,

24  attorney's fees, for penalties, and other appropriate relief for Defendants' violations of various sections of

25  the California Fair Employment and Housing Act.

26

27                              **PARTIES**

28  1.      At all times mentioned herein, Plaintiff NOLAN SAME was and is a resident of Los Angeles

                                        1

                            COMPLAINT FOR DAMAGES

1    County, State of California.

2    2.    Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned herein, Defendant REDFIN is a corporation doing business in the State of California with its principal place of business in the City of Long Beach, in the County of Los Angeles, California.

5    3.    Plaintiff is informed and believes, and on that basis alleges, that REDFIN was Plaintiff's employer for purposes of the Fair Employment and Housing Act violations alleged herein, in that it exercised direct control over wages, hours, and working conditions of Plaintiff.

8    4.    Plaintiff is informed and believes, and on that basis alleges, that at all times relevant herein, Defendants and some of Does 1-25 were the agents, employees, and/or servants, masters, or employers of the remaining Does 1-25, and in doing the things herein alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

13    5.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 25, inclusive, and therefore sues these defendants, by such fictitious names and capacities. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained. Plaintiff is informed and believes and thereon alleges that at all times relevant, Defendant REDFIN and each of these fictitiously named Doe defendants was an individual person who owned, controlled, or managed the business for which Plaintiff worked and/or who directly or indirectly exercised operational control over the wages, hours, and working conditions of Plaintiff. These Does held ownership, officer, director and/or executive positions with the remaining Defendants, and acted on behalf of the remaining Defendants, which included decision-making responsibility for, and establishment of, illegal employment policies for Defendants which have damaged Plaintiff and others similarly situated. Therefore, Does 1 – 25, in addition to the remaining Defendants, are "employers" as a matter of law and personally liable on the causes of action alleged herein.

26    6.    Plaintiff is informed and believes, and on that basis alleges, that Defendants Does 1 – 25 are, and at all times relevant hereto were, persons, corporations or other business entities organized and existing under and by virtue of the laws of the State of California, and are/were qualified to

2

COMPLAINT FOR DAMAGES

9

1    transact and conduct business in the State of California, and did transact and conduct business in

2    the State of California, and are thus subject to the jurisdiction of the State of California.

3    Specifically, Does 1 – 25 maintain offices, operate businesses, employ persons, conduct business

4    in, and conduct illegal employment practices and policies in the County of Los Angeles.

5    7.   Plaintiff is further informed and believes, and on that basis alleges, that each of the fictitiously

6    named defendants aided and assisted the named defendants, in committing the wrongful acts

7    alleged herein, and that Plaintiff's damages were proximately caused by each defendant.

8    8.   Plaintiff is informed and believes, and on that basis alleges, that at all times herein mentioned,

9    one or more of each named and/or unnamed defendant(s) was in some fashion, by contract or

10   otherwise, the successors, assigns, joint venturers, Complaint-venturers or partners of one or

11   more of the remaining named and/or unnamed defendant(s), and as hereinafter alleged, was

12   acting within that capacity.

13   9.   Plaintiff is informed and believes,  and on that basis alleges, that at all times herein mentioned,

14   one or more of each named and/or unnamed defendant(s) was the alter-ego of one or more of the

15   remaining named and/or unnamed defendant(s), and as hereinafter alleged, was acting for their

16   own benefit and/or the benefit of one or more of the remaining named and/or unnamed

17   defendant(s).

18   10.  Defendants and Does 1 through 25 are hereinafter collectively referred to as "Defendants".

19   11.  As a direct and proximate result of the unlawful acts of Defendants, Plaintiff has suffered and

20   continues to suffer from loss of earnings in amounts as yet unascertained, but subject to proof at

21   trial.

22

23                   ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

24   12.  Plaintiff SAME was employed as a "tour coordinator" for Defendant from April 2010 until

25   REDFIN terminated him on June 15, 2012.  Plaintiff's principal job duties consisted of all duties

26   and tasks associated with being a "tour coordinator" at Defendant's business.

27   13.  During all relevant times of Plaintiff's employment with Defendant REDFIN, Plaintiff earned a

28   salary of thirty nine thousand dollars ($39,000.00) per year plus ten thousand dollars

---

3

COMPLAINT FOR DAMAGES

1    ($10,000.00) in bonuses per year.

2  14.    On or around January 2012, Plaintiff began to get sick and started experiencing symptoms of

3    fever, upset stomach, fatigue, and developed noticeable skin lesions on his forehead and neck.

4    (Kaposi Sarcoma) Plaintiff has been diagnosed with having HIV/AIDS.

5  15.    Prior to Plaintiff getting sick, Plaintiff was never written up or reprimanded for any issue. In fact,

6    throughout the entirety of Plaintiff's employment with Defendant, Plaintiff demonstrated that he

7    was a conscientious employee, as he created processes and scripts for other tour coordinators to

8    follow, he was the first tour coordinator to handle extended areas within southern California, and

9    implemented the company's first major southern Californian event with thousands of attendants

10    from around the world.

11  16.    On or around April 2012, immediately after Plaintiff's illness was known or should have been

12    known by Defendants, Plaintiff received his first performance review for Defendant REDFIN.

13    Despite his continued efforts in taking initiative for the company as described above, Plaintiff

14    received a poor performance result from REDFIN's management stating that Plaintiff lacked

15    leadership skills. Further, Plaintiff was unreasonably reprimanded by REDFIN management for

16    following company procedures.

17  17.    On or around May 2012, Plaintiff requested time off from work in order to seek treatment from

18    his physicians for his illness. Defendant only allowed Plaintiff to take three days sick time

19    despite knowing of Plaintiff's plight. Plaintiff complained to REDFIN's Corporate Officers and

20    or representatives, managers, and or supervisors, who ignored Plaintiff's pleas for help and

21    instead further discriminated against Plaintiff.

22  18.    On or around June 15, 2012, Defendant's manager, Mark Bennett told Plaintiff that everyone was

23    "disgusted and put off" by Plaintiff for being sick in front of them. Further, Bennett told Plaintiff

24    that he should go to a doctor. Plaintiff was then terminated from his position with Defendant due

25    to his actual and/or perceived disability/medical condition, HIV/AIDS, and for requesting

26    accommodations with regard to his physical disability and condition.

27  19.    During all relevant times of Plaintiff's employment with Defendant, Plaintiff has adequately

28    performed his duties and responsibilities. Plaintiff was intentionally singled out, and then

4

COMPLAINT FOR DAMAGES

1    terminated as a pretext for Defendant's desire to get rid of Plaintiff due to his physical disability.

2    Further, REDFIN failed to engage in an interactive process and or accommodate Plaintiff's

3    physical disability.

4  20.   Plaintiff was at all times material hereto, an employee covered by California Government Code §

5    12940, which prohibits discrimination in employment on the basis of physical disability.

6    Plaintiff filed a timely charge of physical disability with the California Department of Fair

7    Employment and Housing and has received a notice of his right to sue pursuant to Cal. Govt. C. §

8    12965(b) permitting Plaintiff to bring this action. Therefore, Plaintiff has exhausted all of his

9    administrative remedies.

10  21.   As a result of Defendants' wrongful termination of Plaintiff, Plaintiff SAME suffered and

11    continues to suffer damages, in the form of lost wages, mental and emotional anguish and other

12    employment benefits, the exact amount of which will be proven at trial.

13

14                               **FIRST CAUSE OF ACTION**

15              Employment Discrimination Based on Actual/Perceived

16                    Physical Disability Medical Condition-

17                       (Against Defendant REDFIN)

18  22.   Plaintiff hereby incorporates paragraph 1 through 21, inclusive, as though said paragraphs are

19    fully set forth herein.

20  23.   Plaintiff is informed and believes, and on that basis alleges, that REDFIN CORPORATION was

21    Plaintiff's employer for purposes of the Fair Employment and Housing Act violations alleged

22    herein, in that it exercised direct control over wages, hours, and working conditions of Plaintiff.

23  24.   Plaintiff is informed and believes, and, on that information and belief alleges, he was

24    discriminated against by Defendant due to his physical disability/medical condition, HIV/AIDS.

25    Defendant was the employer of Plaintiff and as such had a duty to prevent discrimination in the

26    workplace based on actual and or perceived physical disability.

27  25.   Defendant REDFIN discriminated against Plaintiff due to his physical disability. Defendant

28    intentionally terminated Plaintiff on the pretext of poor work performance. This discrimination

5

was because of Plaintiff's actual and or perceived physical disability, and as such caused Plaintiff to be humiliated and embarrassed in the workplace. Plaintiff was subjected to a severe and pervasive environment due to this discrimination and has suffered mental and emotional anguish.

26. But for Plaintiff's actual and or perceived physical disability, he would not have been subjected to the discrimination and differential treatment set forth herein.

27. Plaintiff was at all times material hereto, an employee covered by California Government Code § 12940, which prohibits discrimination in employment on the basis of actual and or perceived physical disability. Defendant REDFIN also discriminated against Plaintiff by and through the acts of its supervisors.

28. Defendant REDFIN was at all times material hereto, an employer within the meaning of California Government Code § 12926 ©, and as employers within the meaning of said Code section, Defendant is barred from discriminating in employment on the basis of actual and or perceived physical disability as set forth in California Government Code §12940, et seq..

29. Plaintiff advised Defendant that discrimination based on his actual and or perceived physical disability was unwelcome. However, Defendant REDFIN continued to discriminate against Plaintiff through the acts of its supervisors.

30. As a proximate result of Defendant's discrimination against Plaintiff, Plaintiff has suffered, and continues to suffer substantial losses in earnings, and has suffered and continues to suffer embarrassment, humiliation and mental anguish, all in an amount according to proof.

31. At the time of the discrimination as herein above alleged, Plaintiff was gainfully employed and, as a further legal result of the discrimination of said Defendant, the discrimination and the injuries sustained by him, Plaintiff sustained loss of income and earnings, the amount of which will be determined at the time of trial.

32. As a further legal result of Defendant's discrimination, Plaintiff sustained great emotional disturbance and mental and physical pain and suffering all to his damage according to proof.

33. As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of said suit as provided by California Government Code § 12965(b).

6

## SECOND CAUSE OF ACTION

### (Failure to Prevent Harassment and Discrimination,

### Govt Code 12940(k) Against All Defendants)

34. Plaintiff hereby incorporates paragraph 1 through 21, inclusive, as though said paragraphs are fully set forth herein.

35. Defendant REDFIN, was at all times relevant hereto an employer within the meaning of Cal Govt C § 12926© and, as such, barred from discriminating on the basis of actual and/or perceived physical disability/medical condition and or permitting discrimination as set forth in Cal Govt Code § 12940.

36. Between January 2012 to June 15, 2012, Defendant REDFIN permitted Plaintiff to be discriminated against on the basis of actual and/or perceived physical disability/medical condition, HIV/AIDS.

37. Defendant REDFIN failed to prevent Plaintiff from being discriminated against on the basis of actual and/or perceived physical disability/medical condition, HIV/AIDS. although it knew or should have knew of Plaintiff's plight.

38. As a proximate result of Defendant's failure to prevent discrimination, Plaintiff has suffered and continues to suffer losses in earnings, bonuses, and other employment benefits, and is entitled to general, special and punitive damages, in an amount to be proved at the time of trial.

39. As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of said suit as provided by Cal. Govt. C. § 12965(b).

## THIRD CAUSE OF ACTION

### (Retaliation, Govt. Code Sec. 12940(h)

### Against All Defendants)

40. Plaintiff hereby incorporates paragraph 1 through 21, inclusive, as though said paragraphs are fully set forth herein.

41. Defendants were at all times relevant hereto an employer within the meaning of Cal Govt C § 12926( c) and, as such, are barred from allowing discrimination and all other acts and conduct

7

which is prohibited under the Fair Employment and Housing Act, including but not limited to permitting discrimination on the basis of actual and/or perceived physical disability/medical condition, HIV/AIDS, and engaging in retaliatory conduct after an employee complains about the violation of their rights under the FEHA, including but not limited to being discriminated against on the basis actual and/or perceived physical disability/medical condition, and other forms of discrimination prohibited pursuant to *Ca Govt § 12940(h)*.

42. Between January 2012 to June 15, 2012, Defendant REDFIN permitted Plaintiff to be discriminated against on the basis of actual and/or perceived physical disability/medical condition, HIV/AIDS.

43. On or around May 2012, Plaintiff requested time off from work in order to seek treatment from physicians for his illness. Defendant only allowed for three days sick time for Plaintiff, despite knowing of Plaintiff's plight. Plaintiff complained to REDFIN's Corporate Officers and or representatives, managers, and or supervisors, who ignored Plaintiff's pleas for help and instead further discriminated against Plaintiff.

44. On or around June 15, 2012, Plaintiff was then terminated from his position with Defendant due to his actual and/or perceived disability/medical condition, HIV/AIDS, and for requesting accommodations with regard to his physical disability and condition.

45. As a proximate result of Defendants' retaliation against Plaintiff, Plaintiff has suffered and continues to suffer losses in earnings, bonuses, and other employment benefits, and is entitled to general, special and punitive damages, in an amount to be proved at the time of trial.

46. As a result of Defendants' retaliatory acts as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs as provided by Cal. Govt. C. § 12965(b).

## FOURTH CAUSE OF ACTION

### For Failure to Engage in an Interactive Process-

### (Against Defendant REDFIN)

47. Plaintiff hereby incorporates paragraph 1 through 21, inclusive, as though said paragraphs are fully set forth herein.

8

COMPLAINT FOR DAMAGES

48.   From on or about January 2012, Plaintiff suffered from an actual and/or a perceived physical disability/medical condition known as HIV/AIDS, which is characterized by symptoms of fever, upset stomach, fatigue, skin lesions on the body, coughing and other immunodeficiency related illnesses.

49.   Plaintiff was qualified and able to perform the essential functions at his position as described in this complaint, despite his physical condition. However, Plaintiff required reasonable accommodations in the form of additional time off work in order to seek treatment for his illness.

50.   Plaintiff attempted to inform and obtain some accommodation for his physical condition. By failing to accommodate his physical condition when he made the request for a reasonable accommodation, Defendants, and each of them violated Plaintiff's rights.

51.   Defendants failed to engage in an Interactive Process with Plaintiff, and discriminated against him based on his actual and or perceived physical condition. Rather than discuss with Plaintiff any possible accommodations, Defendant simply terminated Plaintiff's employment.

52.   Plaintiff's physical condition and limitations were known to Defendants, and each of them, however, Defendants nevertheless, intentionally, deliberately, and purposefully failed to attempt to accommodate him.

53.   As a direct and proximate result of Defendants' actions, Plaintiff has been deprived of his rights guaranteed under law and regulation for protection of persons with actual and or perceived physical disabilities all to his detriment and pecuniary loss.

54.   Defendants, and each of them, acted for the purpose of causing Plaintiff to suffer financial loss and severe emotional and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages.

## FIFTH CAUSE OF ACTION

### For Wrongful Termination in Violation of Public Policy-
### (Against Defendant REDFIN

55.   Plaintiff hereby incorporates paragraph 1 through 21, inclusive, as though said paragraphs are fully set forth herein.

9

56. On or around June 15, 2012, Plaintiff was then terminated from his position with Defendant due to his actual and/or perceived disability/medical condition, HIV/AIDS, and for requesting accommodations with regard to his physical disability and condition.

57. It is a fundamental public policy of the State of California for all employers to prevent the discrimination of employees in the workplace due to their actual and or perceived physical disability. Further this public policy also prohibits employers from discharging employees because of their actual and or perceived disability. Plaintiff alleges Defendants violated California's fundamental public policy when they wrongfully terminated Plaintiff because of his actual and or perceived disability, and because of said complaints. Plaintiff was at all times material hereto, an employee covered by California Government Code § 12940, which prohibits discrimination in employment and or termination of employment on the basis of an employees actual and or perceived physical disability.

58. As a result of Defendants' wrongful termination, Plaintiff has suffered and continues to suffer damages, in the form emotional distress, lost wages and other employment benefits, the exact amount of which will be proven at trial.

## PRAYER

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in her favor and against Defendants, and each of them as follows:

**On All Causes of Action:**

For General and Compensatory damages for losses resulting from humiliation, mental anguish, and emotional distress according to proof;

For punitive damages according to proof;

For costs of suit including reasonable attorney's fees as may be provided pursuant to the Fair Employment and Housing Act and California Government Code § 12965(b).

For interest on the amount of losses incurred in earning, deferred compensation and other employee benefits at the prevailing legal rate;

10

1    For loss of income and loss of earning capacity, according to proof;

2    For such other damages which may be proved at the time of trial.

3

4

5

6    Dated: February 21, 2013                    LAW OFFICE OF EDWARD A. TORRES

7

8                                                 EDWARD A. TORRES
                                                  Attorney for Plaintiff, Nolan Same

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

COMPLAINT FOR DAMAGES

1

## JURY DEMAND

2

3        Plaintiff Nolan Same hereby demands a jury trial on all causes of action set forth in this

4   Complaint.

5

6   Date: February 21, 2013                          LAW OFFICE OF EDWARD A. TORRES

7

8

9                                                    EDWARD A. TORRES
                                                     Attorney for Plaintiff, Nolan Same
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

# EXHIBIT "B"

# NATIONAL REGISTERED AGENTS, INC.

## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:  CHRIS ROSKE
     REDFIN CORPORATION
     2025 FIRST AVE
     SUITE 600
     SEATTLE, WA 98121

SOP Transmittal # 522643670

213-337-4615 - Telephone

Entity Served:  REDFIN CORPORATION (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of CALIFORNIA on this 02 day of May, 2013. The following is a summary of the document(s) received:

1.  **Title of Action:**  Nolan Same, Pltf. vs. Redfin Corporation, et al., Dfts.

2.  **Document(s) Served:**  COMPLAINT,SUMMONS
    Other: JURY DEMAND/COVER SHEET(S)/INSTRUCTION(S)/ADDENDUM AND STATEMENT/
    Notice Of: CASE ASSIGNMENT

3.  **Court of Jurisdiction/Case Number:** Los Angeles County - Superior Court - Hill Street, CA
    Case # BC502704

4.  **Amount Claimed, if any:** N/A

5.  **Method of Service:**

    _X_ Personally served by:    _X_ Process Server      ___ Deputy Sheriff        ___ U. S Marshall

    ___ Delivered Via:           ___ Certified Mail       ___ Regular Mail          ___ Facsimile

    ___ Other (Explain):

6.  **Date and Time of Receipt:**  05/02/2013 02:27:00 PM CST

7.  **Appearance/Answer Date:**  Within 30 days after service

8.  **Received From:**   Edward A. Torres               9. **Federal Express Airbill #** 799674561833
                         Law Office of Edward A. Torres
                         80 South Lake Avenue Suite 725    10. **Call Made to:** Not required
                         Pasadena, CA 91101
                         626-795-3736

11.    **Special Comments:**
SOP Papers with Transmittal, via  Fed Ex 2 Day

**NATIONAL REGISTERED AGENTS, INC.**                    CopiesTo:

Transmitted by Nancy Flores

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

5/2/13
12:45pm

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
REDFIN CORPORATION, and DOES 1 through 25,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
NOLAN SAME

FOR COURT USE ONLY
~~CONFORMED COPY~~
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 12 2013

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>CENTRAL<br>111 N. HILL ST., LOS ANGELES, CA 90012 | CASE NUMBER:<br>*(Número del Caso):* **BC502704** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
EDWARD A. TORRES   (Bar # 112191)                 Fax No.: (626) 568-8102
LAW OFFICE OF EDWARD A. TORRES, 80 S LAKE AVE, SUITE 725, PASADENA, CA 91101   Phone No.: (626) 795-3736

DATE: MAR 12 2013   JOHN A. CLARKE, Secretario _____, Deputy
*(Fecha)*                *(Secretario)*   SHAUNYA WESLEY   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):* Redfin corporation
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
            ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

1  EDWARD A. TORRES, Cal. Bar No. 112191
   LAW OFFICE OF EDWARD A. TORRES
2  80 South Lake Avenue Suite 725
   Pasadena, California 91101
3  Telephone No.: 626-795-3736
   Facsimile No.: 626-568-8102
4

5  Attorney for Plaintiff
   NOLAN SAME

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10

11  NOLAN SAME,                        )    CASE NO.    BC502704
                                       )
12            Plaintiff,               )
                                       )    COMPLAINT FOR DAMAGES
13  vs.                                )
                                       )
14  REDFIN CORPORATION, and DOES 1     )
    through 25,                        )
15                                     )
              Defendants.              )
16                                     )
                                       )
17  _____ )

18

19      Plaintiff, NOLAN SAME (Hereinafter referred to as "Plaintiff" or "SAME), for his Complaint

20  against Defendants, REDFIN CORPORATION (Hereinafter "REDFIN" or "Defendant"), and Does 1

21  through 25 alleges as follows:

22      Plaintiff brings this action against Defendants and DOES 1 through 25, pursuant to the Fair

23  Employment and Housing Act and common law for statutory damages, prejudgment interest, costs,

24  attorney's fees, for penalties, and other appropriate relief for Defendants' violations of various sections of

25  the California Fair Employment and Housing Act.

26

27                                  **PARTIES**

28  1.      At all times mentioned herein, Plaintiff NOLAN SAME was and is a resident of Los Angeles

                                        1

                          COMPLAINT FOR DAMAGES

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 12 2013

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
      SHAUNYA WESLEY

1    County, State of California.

2    2.    Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned herein,

3          Defendant REDFIN is a corporation doing business in the State of California with its principal

4          place of business in the City of Long Beach, in the County of Los Angeles, California.

5    3.    Plaintiff is informed and believes, and on that basis alleges, that REDFIN was Plaintiff's

6          employer for purposes of the Fair Employment and Housing Act violations alleged herein, in that

7          it exercised direct control over wages, hours, and working conditions of Plaintiff.

8    4.    Plaintiff is informed and believes, and on that basis alleges, that at all times relevant herein,

9          Defendants and some of Does 1-25 were the agents, employees, and/or servants, masters, or

10         employers of the remaining Does 1-25, and in doing the things herein alleged, were acting within

11         the course and scope of such agency or employment, and with the approval and ratification of

12         each of the other Defendants.

13   5.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through

14         25, inclusive, and therefore sues these defendants, by such fictitious names and capacities.

15         Plaintiff will amend this Complaint to show their true names and capacities when they have been

16         ascertained. Plaintiff is informed and believes and thereon alleges that at all times relevant,

17         Defendant REDFIN and each of these fictitiously named Doe defendants was an individual

18         person who owned, controlled, or managed the business for which Plaintiff worked and/or who

19         directly or indirectly exercised operational control over the wages, hours, and working conditions

20         of Plaintiff. These Does held ownership, officer, director and/or executive positions with the

21         remaining Defendants, and acted on behalf of the remaining Defendants, which included

22         decision-making responsibility for, and establishment of, illegal employment policies for

23         Defendants which have damaged Plaintiff and others similarly situated. Therefore, Does 1 – 25,

24         in addition to the remaining Defendants, are "employers" as a matter of law and personally liable

25         on the causes of action alleged herein.

26   6.    Plaintiff is informed and believes, and on that basis alleges, that Defendants Does 1 – 25 are, and

27         at all times relevant hereto were, persons, corporations or other business entities organized and

28         existing under and by virtue of the laws of the State of California, and are/were qualified to

2

COMPLAINT FOR DAMAGES

transact and conduct business in the State of California, and did transact and conduct business in the State of California, and are thus subject to the jurisdiction of the State of California. Specifically, Does 1 – 25 maintain offices, operate businesses, employ persons, conduct business in, and conduct illegal employment practices and policies in the County of Los Angeles.

7. Plaintiff is further informed and believes, and on that basis alleges, that each of the fictitiously named defendants aided and assisted the named defendants, in committing the wrongful acts alleged herein, and that Plaintiff's damages were proximately caused by each defendant.

8. Plaintiff is informed and believes, and on that basis alleges, that at all times herein mentioned, one or more of each named and/or unnamed defendant(s) was in some fashion; by contract or otherwise, the successors, assigns, joint venturers, Complaint-venturers or partners of one or more of the remaining named and/or unnamed defendant(s), and as hereinafter alleged, was acting within that capacity.

9. Plaintiff is informed and believes,  and on that basis alleges, that at all times herein mentioned, one or more of each named and/or unnamed defendant(s) was the alter-ego of one or more of the remaining named and/or unnamed defendant(s), and as hereinafter alleged, was acting for their own benefit and/or the benefit of one or more of the remaining named and/or unnamed defendant(s).

10. Defendants and Does 1 through 25 are hereinafter collectively referred to as "Defendants".

11. As a direct and proximate result of the unlawful acts of Defendants, Plaintiff has suffered and continues to suffer from loss of earnings in amounts as yet unascertained, but subject to proof at trial.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12. Plaintiff SAME was employed as a "tour coordinator" for Defendant from April 2010 until REDFIN terminated him on June 15, 2012.  Plaintiff's principal job duties consisted of all duties and tasks associated with being a "tour coordinator" at Defendant's business.

13. During all relevant times of Plaintiff's employment with Defendant REDFIN, Plaintiff earned a salary of thirty nine thousand dollars ($39,000.00) per year plus ten thousand dollars

3

1       ($10,000.00) in bonuses per year.

2   14.     On or around January 2012, Plaintiff began to get sick and started experiencing symptoms of

3       fever, upset stomach, fatigue, and developed noticeable skin lesions on his forehead and neck.

4       (Kaposi Sarcoma) Plaintiff has been diagnosed with having HIV/AIDS.

5   15.     Prior to Plaintiff getting sick, Plaintiff was never written up or reprimanded for any issue. In fact,

6       throughout the entirety of Plaintiff's employment with Defendant, Plaintiff demonstrated that he

7       was a conscientious employee, as he created processes and scripts for other tour coordinators to

8       follow, he was the first tour coordinator to handle extended areas within southern California, and

9       implemented the company's first major southern Californian event with thousands of attendants

10      from around the world.

11   16.    On or around April 2012, immediately after Plaintiff's illness was known or should have been

12      known by Defendants, Plaintiff received his first performance review for Defendant REDFIN.

13      Despite his continued efforts in taking initiative for the company as described above, Plaintiff

14      received a poor performance result from REDFIN's management stating that Plaintiff lacked

15      leadership skills. Further, Plaintiff was unreasonably reprimanded by REDFIN management for

16      following company procedures.

17   17.    On or around May 2012, Plaintiff requested time off from work in order to seek treatment from

18      his physicians for his illness. Defendant only allowed Plaintiff to take three days sick time

19      despite knowing of Plaintiff's plight. Plaintiff complained to REDFIN's Corporate Officers and

20      or representatives, managers, and or supervisors, who ignored Plaintiff's pleas for help and

21      instead further discriminated against Plaintiff.

22   18.    On or around June 15, 2012, Defendant's manager, Mark Bennett told Plaintiff that everyone was

23      "disgusted and put off" by Plaintiff for being sick in front of them. Further, Bennett told Plaintiff

24      that he should go to a doctor. Plaintiff was then terminated from his position with Defendant due

25      to his actual and/or perceived disability/medical condition, HIV/AIDS, and for requesting

26      accommodations with regard to his physical disability and condition.

27   19.    During all relevant times of Plaintiff's employment with Defendant, Plaintiff has adequately

28      performed his duties and responsibilities. Plaintiff was intentionally singled out, and then

4

1  terminated as a pretext for Defendant's desire to get rid of Plaintiff due to his physical disability.

2  Further, REDFIN failed to engage in an interactive process and or accommodate Plaintiff's

3  physical disability.

4  20.  Plaintiff was at all times material hereto, an employee covered by California Government Code §

5      12940, which prohibits discrimination in employment on the basis of physical disability.

6      Plaintiff filed a timely charge of physical disability with the California Department of Fair

7      Employment and Housing and has received a notice of his right to sue pursuant to Cal. Govt. C. §

8      12965(b) permitting Plaintiff to bring this action.  Therefore, Plaintiff has exhausted all of his

9      administrative remedies.

10  21.  As a result of Defendants' wrongful termination of Plaintiff, Plaintiff SAME suffered and

11      continues to suffer damages, in the form of lost wages, mental and emotional anguish and other

12      employment benefits, the exact amount of which will be proven at trial.

13

14                          **FIRST CAUSE OF ACTION**

15              **Employment Discrimination Based on Actual/Perceived**

16                  **Physical Disability Medical Condition-**

17                      **(Against Defendant REDFIN)**

18  22.  Plaintiff hereby incorporates paragraph 1 through 21, inclusive, as though said paragraphs are

19      fully set forth herein.

20  23.  Plaintiff is informed and believes, and on that basis alleges, that REDFIN CORPORATION was

21      Plaintiff's employer for purposes of the Fair Employment and Housing Act violations alleged

22      herein, in that it exercised direct control over wages, hours, and working conditions of Plaintiff.

23  24.  Plaintiff is informed and believes, and, on that information and belief alleges, he was

24      discriminated against by Defendant due to his physical disability/medical condition, HIV/AIDS.

25      Defendant was the employer of Plaintiff and as such had a duty to prevent discrimination in the

26      workplace based on actual and or perceived physical disability.

27  25.  Defendant REDFIN discriminated against Plaintiff due to his physical disability. Defendant

28      intentionally terminated Plaintiff on the pretext of poor work performance. This discrimination

5

1  was because of Plaintiff's actual and or perceived physical disability, and as such caused Plaintiff

2  to be humiliated and embarrassed in the workplace. Plaintiff was subjected to a severe and

3  pervasive environment due to this discrimination and has suffered mental and emotional anguish.

4  26.  But for Plaintiff's actual and or perceived physical disability, he would not have been subjected

5  to the discrimination and differential treatment set forth herein.

6  27.  Plaintiff was at all times material hereto, an employee covered by California Government Code §

7  12940, which prohibits discrimination in employment on the basis of actual and or perceived

8  physical disability. Defendant REDFIN also discriminated against Plaintiff by and through the

9  acts of its supervisors.

10  28.  Defendant REDFIN was at all times material hereto, an employer within the meaning of

11  California Government Code § 12926 ©, and as employers within the meaning of said Code

12  section, Defendant is barred from discriminating in employment on the basis of actual and or

13  perceived physical disability as set forth in California Government Code §12940, et seq..

14  29.  Plaintiff advised Defendant that discrimination based on his actual and or perceived physical

15  disability was unwelcome. However, Defendant REDFIN continued to discriminate against

16  Plaintiff through the acts of its supervisors.

17  30.  As a proximate result of Defendant's discrimination against Plaintiff, Plaintiff has suffered, and

18  continues to suffer substantial losses in earnings, and has suffered and continues to suffer

19  embarrassment, humiliation and mental anguish, all in an amount according to proof.

20  31.  At the time of the discrimination as herein above alleged, Plaintiff was gainfully employed and,

21  as a further legal result of the discrimination of said Defendant, the discrimination and the

22  injuries sustained by him, Plaintiff sustained loss of income and earnings, the amount of which

23  will be determined at the time of trial.

24  32.  As a further legal result of Defendant's discrimination, Plaintiff sustained great emotional

25  disturbance and mental and physical pain and suffering all to his damage according to proof.

26  33.  As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to reasonable

27  attorney's fees and costs of said suit as provided by California Government Code § 12965(b).

28

6

COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

### (Failure to Prevent Harassment and Discrimination,

### Govt Code 12940(k) Against All Defendants)

34. Plaintiff hereby incorporates paragraph 1 through 21, inclusive, as though said paragraphs are fully set forth herein.

35. Defendant REDFIN, was at all times relevant hereto an employer within the meaning of Cal Govt C § 12926© and, as such, barred from discriminating on the basis of actual and/or perceived physical disability/medical condition and or permitting discrimination as set forth in Cal Govt Code § 12940.

36. Between January 2012 to June 15, 2012, Defendant REDFIN permitted Plaintiff to be discriminated against on the basis of actual and/or perceived physical disability/medical condition, HIV/AIDS.

37. Defendant REDFIN failed to prevent Plaintiff from being discriminated against on the basis of actual and/or perceived physical disability/medical condition, HIV/AIDS. although it knew or should have knew of Plaintiff's plight.

38. As a proximate result of Defendant's failure to prevent discrimination, Plaintiff has suffered and continues to suffer losses in earnings, bonuses, and other employment benefits, and is entitled to general, special and punitive damages, in an amount to be proved at the time of trial.

39. As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of said suit as provided by Cal. Govt. C. § 12965(b).

## THIRD CAUSE OF ACTION

### (Retaliation, Govt. Code Sec. 12940(h)

### Against All Defendants)

40. Plaintiff hereby incorporates paragraph 1 through 21, inclusive, as though said paragraphs are fully set forth herein.

41. Defendants were at all times relevant hereto an employer within the meaning of Cal Govt C § 12926( c) and, as such, are barred from allowing discrimination and all other acts and conduct

7

COMPLAINT FOR DAMAGES

28

1    which is prohibited under the Fair Employment and Housing Act, including but not limited to

2    permitting discrimination on the basis of actual and/or perceived physical disability/medical

3    condition, HIV/AIDS, and engaging in retaliatory conduct after an employee complains about the

4    violation of their rights under the FEHA, including but not limited to  being discriminated against

5    on the basis actual and/or perceived physical disability/medical condition, and other forms of

6    discrimination prohibited pursuant to  *Ca Govt § 12940(h)*.

7  42.  Between January 2012 to June 15, 2012, Defendant REDFIN permitted Plaintiff to be

8    discriminated against on the basis of actual and/or perceived physical disability/medical

9    condition, HIV/AIDS.

10  43.  On or around May 2012, Plaintiff requested time off from work in order to seek treatment from

11    physicians for his illness. Defendant only allowed for three days sick time for Plaintiff, despite

12    knowing of Plaintiff's plight. Plaintiff complained to REDFIN's Corporate Officers and or

13    representatives, managers, and or supervisors, who ignored Plaintiff's pleas for help and instead

14    further discriminated against Plaintiff.

15  44.  On or around June 15, 2012, Plaintiff was then terminated from his position with Defendant due

16    to his actual and/or perceived disability/medical condition, HIV/AIDS, and for requesting

17    accommodations with regard to his physical disability and condition.

18  45.  As a proximate result of Defendants' retaliation against Plaintiff, Plaintiff has suffered and

19    continues to suffer losses in earnings, bonuses, and other employment benefits, and is entitled to

20    general, special and punitive damages, in an amount to be proved at the time of trial.

21  46.  As a result of Defendants' retaliatory acts as alleged herein, Plaintiff is entitled to reasonable

22    attorney's fees and costs as provided by Cal. Govt. C. § 12965(b).

23

24                     **FOURTH CAUSE OF ACTION**

25             **For Failure to Engage in an Interactive Process-**

26                **(Against Defendant REDFIN)**

27  47.  Plaintiff hereby incorporates paragraph 1 through 21, inclusive, as though said paragraphs are

28    fully set forth herein.

8

48.  From on or about January 2012, Plaintiff suffered from an actual and/or a perceived physical disability/medical condition known as HIV/AIDS, which is characterized by symptoms of fever, upset stomach, fatigue, skin lesions on the body, coughing and other immunodeficiency related illnesses.

49.  Plaintiff was qualified and able to perform the essential functions at his position as described in this complaint, despite his physical condition. However, Plaintiff required reasonable accommodations in the form of additional time off work in order to seek treatment for his illness.

50.  Plaintiff attempted to inform and obtain some accommodation for his physical condition. By failing to accommodate his physical condition when he made the request for a reasonable accommodation, Defendants, and each of them violated Plaintiff's rights.

51.  Defendants failed to engage in an Interactive Process with Plaintiff, and discriminated against him based on his actual and or perceived physical condition. Rather than discuss with Plaintiff any possible accommodations, Defendant simply terminated Plaintiff's employment.

52.  Plaintiff's physical condition and limitations were known to Defendants, and each of them, however, Defendants nevertheless, intentionally, deliberately, and purposefully failed to attempt to accommodate him.

53.  As a direct and proximate result of Defendants' actions, Plaintiff has been deprived of his rights guaranteed under law and regulation for protection of persons with actual and or perceived physical disabilities all to his detriment and pecuniary loss.

54.  Defendants, and each of them, acted for the purpose of causing Plaintiff to suffer financial loss and severe emotional and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages.

## FIFTH CAUSE OF ACTION

### For Wrongful Termination in Violation of Public Policy-

### (Against Defendant REDFIN)

55.  Plaintiff hereby incorporates paragraph 1 through 21, inclusive, as though said paragraphs are fully set forth herein.

9

COMPLAINT FOR DAMAGES

56. On or around June 15, 2012, Plaintiff was then terminated from his position with Defendant due to his actual and/or perceived disability/medical condition, HIV/AIDS, and for requesting accommodations with regard to his physical disability and condition.

57. It is a fundamental public policy of the State of California for all employers to prevent the discrimination of employees in the workplace due to their actual and or perceived physical disability. Further this public policy also prohibits employers from discharging employees because of their actual and or perceived disability. Plaintiff alleges Defendants violated California's fundamental public policy when they wrongfully terminated Plaintiff because of his actual and or perceived disability, and because of said complaints. Plaintiff was at all times material hereto, an employee covered by California Government Code § 12940, which prohibits discrimination in employment and or termination of employment on the basis of an employees actual and or perceived physical disability.

58. As a result of Defendants' wrongful termination, Plaintiff has suffered and continues to suffer damages, in the form emotional distress, lost wages and other employment benefits, the exact amount of which will be proven at trial.

## PRAYER

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in her favor and against Defendants, and each of them as follows:

**On All Causes of Action:**

For General and Compensatory damages for losses resulting from humiliation, mental anguish, and emotional distress according to proof;

For punitive damages according to proof;

For costs of suit including reasonable attorney's fees as may be provided pursuant to the Fair Employment and Housing Act and California Government Code § 12965(b).

For interest on the amount of losses incurred in earning, deferred compensation and other employee benefits at the prevailing legal rate;

10

COMPLAINT FOR DAMAGES

1  For loss of income and loss of earning capacity, according to proof;

2  For such other damages which may be proved at the time of trial.

3

4

5

6  Dated: February 21, 2013                    LAW OFFICE OF EDWARD A. TORRES

7

8                                              EDWARD A. TORRES
                                               Attorney for Plaintiff, Nolan Same

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

COMPLAINT FOR DAMAGES

## JURY DEMAND

Plaintiff Nolan Same hereby demands a jury trial on all causes of action set forth in this Complaint.

Date: February 21, 2013

LAW OFFICE OF EDWARD A. TORRES

EDWARD A. TORRES
Attorney for Plaintiff, Nolan Same

12

COMPLAINT FOR DAMAGES

33

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)**

Case Number _____

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**    **BC502704**

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).  There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Daniel Buckley | 1 | 534 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Michael P. Linfield | 10 | 631 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Terry A. Green | 14 | 300 | Hon. John L. Segal | 50 | 508 |
| Hon. Richard Fruin | 15 | 307 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rita Miller | 16 | 306 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Steven J. Kleifield | 53 | 513 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 |
|  |  |  | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Barbara Scheper | 30 | 400 |  |  |  |
|  |  |  | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Mark Mooney | 68 | 617 |
|  |  | 409 |  |  |  |
|  |  | 408 | Hon. Soussan G. Bruguera | 71 | 729 |
| "unassigned" | 35 | 411 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
|  |  |  | Hon. William F. Fahey | 78 | 730 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | **Hon. Emilie H. Elias** | **324** | **CCW** |
| Hon. Michelle R. Rosenblatt | 40 | 414 | **Hon. Elihu M. Berle** | **323** | **CCW** |
| Hon. Ronald M. Sohigian | 41 | 417 | Other |  |  |
| Hon. Holly E. Kendig | 42 | 416 |  |  |  |
| Hon. Mel Red Recana | 45 | 529 |  |  |  |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 01/12)
LASC Approved  05-06
For Optional Use

**NOTICE OF CASE ASSIGNMENT –**

**UNLIMITED CIVIL CASE**

Page 1 of 2

34

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| EDWARD A. TORRES   (Bar # 112191)<br>LAW OFFICE OF EDWARD A. TORRES<br>80 S. LAKE AVE. SUITE 725<br>PASADENA, CA 91101<br>TELEPHONE NO.: (626) 795-3736   FAX NO.: (626) 568-8102<br>ATTORNEY FOR *(Name):* NOLAN SAME, PLAINTIFF | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>MAR 12 2013<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>SHAUNYA WEBLEY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL ST.
MAILING ADDRESS: SAME
CITY AND ZIP CODE: LOS ANGELES 90012
BRANCH NAME: CENTRAL

CASE NAME:
SAME VS. REDFIN

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | BC 5 0 2 7 0 4 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [X] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):* FIVE (5)
5. This case [ ] is  [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 25, 2013

EDWARD A. TORRES
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>*LexisNexis® Automated California Judicial Council Forms* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

CM-010 [Rev. July 1, 2007]                **CIVIL CASE COVER SHEET**                *LexisNexis® Automated California Judicial Council Forms*

36

| SHORT TITLE: SAME VS. REDFIN | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL _____ ☐ HOURS/ ☐ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: SAME VS. REDFIN | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., (2), 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐. A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: SAME VS. REDFIN | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ – Administrative Mandamus<br>☐ A6152  Writ – Mandamus on Limited Court Case Matter<br>☐ A6153  Writ – Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

39

| SHORT TITLE: SAME VS. REDFIN | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1,** as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>115 Pine St<br>Ste 440 |
|---|---|

| CITY:<br>Long Beach | STATE:<br>CA | ZIP CODE.<br>90802 |
|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___STANLEY MOSK___ courthouse in the ___CENTRAL___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___FEBRUARY 25, 2013___

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

# EXHIBIT "C"

1   Ann Haley Fromholz (SBN 173770)
    Danny Yadidsion (SBN 260282)
2   JACKSON LEWIS LLP
    725 South Figueroa Street, Suite 2500
3   Los Angeles, California  90017-5408
    (213) 689-0404 · Office
4   (213) 689-0430 – Fax
    ann.fromholz@jacksonlewis.com
5   danny.yadidsion@jacksonlewis.com

6   Attorneys for Defendant
    REDFIN CORPORATION

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUN 03 2013

John A. Clark, Executive Officer/Clerk
BY _____, Deputy

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                           COUNTY OF LOS ANGELES

10

11  NOLAN SAME,                          Case No.: BC502704

12          Plaintiff,                   [Assigned for all purposes to the Honorable Holly
                                         Kendig, Dept. 42]
13      vs.

14  REDFIN CORPORATION, and DOES 1 through   **DEFENDANT REDFIN CORPORATION'S**
    25,                                      **ANSWER TO PLAINTIFF NOLAN SAME'S**
15                                           **COMPLAINT FOR DAMAGES**

16          Defendants.                   Complaint Filed: March 12, 2013

17

18      Defendant Redfin Corporation ("Defendant") on behalf of itself and for no other defendant,

19  hereby responds to the Complaint for Damages ("Complaint") filed by Plaintiff Nolan Same

20  ("Plaintiff") and admits, denies and otherwise pleads as follows:

21                              **GENERAL DENIAL**

22      Pursuant to the California Code of Civil Procedure section 431.30(d), Defendant denies generally

23  and specifically each and every allegation contained in the Complaint and denies that Plaintiff has

24  suffered any injury or been damaged in any sum whatsoever.

25                           **AFFIRMATIVE DEFENSES**

26      As separate and distinct affirmative defenses to Plaintiff's Complaint and the causes of action

27  alleged therein, and to each of them, Defendant alleges as follows:

28  / / /

# COPY

DEFENDANT REDFIN CORPORATION'S ANSWER TO PLAINTIFF NOLAN SAME'S
COMPLAINT FOR DAMAGES

41

### FIRST AFFIRMATIVE DEFENSE

1.      Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2.      To the extent Plaintiff's Complaint, or any purported cause of action therein, alleges emotional or physical injury, this Court lacks jurisdiction, and any recovery is barred by the exclusivity of remedy under the California Workers' Compensation Act, Labor Code section 3200, et seq.

### THIRD AFFIRMATIVE DEFENSE

3.      To the extent discovery may disclose information that could serve as a basis for the termination of Plaintiff's employment, Plaintiff is barred from recovery by the after-acquired evidence doctrine.

### FOURTH AFFIRMATIVE DEFENSE

4.      Any recovery on Plaintiff's Complaint is barred by the applicable statutes of limitation, including, but not limited to, California Code of Civil Procedure section 335.1 and California Government Code sections 12940, 12960 and 12965.

### FIFTH AFFIRMATIVE DEFENSE

5.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred under the equitable doctrines of consent, waiver, estoppel and unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

6.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in that Plaintiff was guilty of laches and unreasonable delay in bringing this action and in asserting any claim for relief against Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

7.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's own contributory and/or comparative fault.

### EIGHTH AFFIRMATIVE DEFENSE

8.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in that accommodation of Plaintiff's alleged disability would impose an undue hardship upon

1    Defendant.

### NINTH AFFIRMATIVE DEFENSE

2

3        9.      Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue

4    of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.

### TENTH AFFIRMATIVE DEFENSE

5

6        10.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is

7    barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from

8    any source after Plaintiff ceased to be employed by Defendant under the doctrine prohibiting double

9    recovery set forth by Witt v. Jackson (1961) 57 Cal.2d 57 and its progeny.

### ELEVENTH AFFIRMATIVE DEFENSE

10

11       11.     Plaintiff's claims for exemplary and punitive damages are barred in that Plaintiff has failed to

12   raise sufficient allegations of malice, oppression or fraud and has failed to raise sufficient allegations to

13   comply with the requirements of California Civil Code section 3294.

### TWELFTH AFFIRMATIVE DEFENSE

14

15       12.     Defendant reserves its right to amend or add additional affirmative defenses that may

16   become known.

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

3

DEFENDANT REDFIN CORPORATION'S ANSWER TO PLAINTIFF NOLAN SAME'S
COMPLAINT FOR DAMAGES

1    WHEREFORE, Defendant prays for judgment as follows:

2    1.    That Plaintiff take nothing herein;

3    2.    For reasonable attorney's fees pursuant to California Government Code section 12965;

4    3.    For costs of suit herein; and

5    4.    For such other and further relief as the Court may deem just and proper.

6

7    DATED:  June 3, 2013                    JACKSON LEWIS LLP

8

9

10                          By:   _____
                                  Ann Haley Fromholz
11                                Danny Yadidsion

12                                Attorneys for Defendant
                                  REDFIN CORPORATION

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

CASE NAME:     NOLAN SAME V. REDFIN CORPORATION, et al.

CASE NUMBER:   BC502704

I am employed in the County of LOS ANGELES, State of California. I am over the age of 18 and not a party to the within action; my business address is 725 South Figueroa Street, Suite 2500, Los Angeles, California 90017.

On June 3, 2013, I served the foregoing document described as:

**DEFENDANT REDFIN CORPORATION'S ANSWER TO PLAINTIFF NOLAN SAME'S COMPLAINT**

in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

Edward A. Torres, Esq.
Law Offices of Edward A. Torres
80 South Lake Avenue, Suite 725
Pasadena, CA 91101
Telephone: (626) 795-3736
Facsimile: (626)568-8102

Attorneys for Plaintiff
NOLAN SAME

[XX]   **BY MAIL**

[ ] I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[XX] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[XX]   **STATE**   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 3, 2013, at Los Angeles, California.

Klodya Darbinyan

4816-9333-3011, v. 2

5

DEFENDANT REDFIN CORPORATION'S ANSWER TO PLAINTIFF NOLAN SAME'S
COMPLAINT FOR DAMAGES

45